**Daniel POPOVICH, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV85–3546–IH.**

United States District Court,
C.D. California.

May 20, 1987.

Robert C. Bonner, U.S. Atty. by Eugene Kramer and Ian Fan, Asst. U.S. Attys., Los Angeles, Cal., for defendant.

Gary Caldwell, Santa Maria, Cal., for plaintiff.

Bralley, Bentley and Wilson, Pasadena, Cal. by Mark Lofstrom, for Martin Marietta et al. (Employer).

## OPINION

IRVING HILL, Senior District Judge.

In this opinion the Court discusses various questions arising under the California workers' compensation laws. The questions arise in connection with a negligence action by an employee against a third party. The opinion deals with the rights and duties in such an action of the employee, the third party, and the employer who is seeking a lien for compensation payments on the employee's recovery.

## STATEMENT OF FACTS

In 1983 Plaintiff Daniel Popovich was employed by Martin Marietta Aerospace (Martin) which was engaged in construction work at Vandenberg Air Force Base. On June 15 of that year, Popovich, in the course and scope of his employment, fell from a ladder severely injuring his back. The ladder was designed, owned, and maintained by the government. The employer [1] commenced payment of workers' compensation benefits to Popovich shortly after the accident.

On May 28, 1985, Popovich commenced the instant action against the government under the Tort Claims Act. He charged the government with negligence in the way in which it constructed and maintained the ladder. The government denied any negligence on its part. Moreover, the government initially pled that Martin was guilty of negligence.[2] However, the government abandoned the defense of employer negligence prior to trial. At a scheduling conference on November 18, 1985, the trial of the action was set for July 1986.

---

1. Apparently Martin's obligations to its employees for workers' compensation are borne in part by Martin itself and in part by Home Insurance Company. The coverage is administered by Scott Wetzel Services, Inc. Thus when a lien is asserted for repayment of compensation payments, it is asserted in the name of all three companies. The assertion of lien and all other pleadings in the instant case bear the name of all three companies. In this opinion, when discussing the claim of lien under the workers' compensation laws, the three companies will be collectively referred to as "the employer". That is the term used in the California statutes to refer to the lien claimant even though, in most instances, the true claimant is an insurance company which is the employer's compensation carrier. However, when this opinion discusses the negligence of the "employer", the term "employer" refers only to Martin itself.

2. Under California state law, a finding of employer negligence results in a proportionate reduction of the negligent third party's liability to the injured employee. *Witt v. Jackson*, 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641 (1969). It seems clear that this state substantive rule would apply in Tort Claims Act cases filed in a federal court in California.

On June 20, 1986, shortly before the trial date, the employer filed in this Court a document entitled "Notice of Lien Claim". That document notified Popovich and the government that the employer, pursuant to sections 3852–3856(b) of the California Labor Code, claimed a first lien upon any judgment awarded to Popovich. The notice asked that at the time of any judgment or satisfaction of judgment in this case, the employer be awarded a lien for the amounts the employer had paid to Popovich in workers' compensation benefits. The employer did nothing more to advance or perfect its lien. Its counsel did not participate in the trial. The employer filed no request to be notified of the results of the trial, although request for notice forms exist and are apparently in common use. Peyrat, *California Workers' Damages Practice*, § 4.34, p. 104 (1985).

The action came to trial on July 29, 1986. On July 31, 1986, judgment was signed and entered in favor of Popovich and against the government in the sum of $91,455.76. In accordance with normal practice, this Court's file was closed when the judgment was entered. On December 31, 1986, the government paid the judgment in full by a check made out to plaintiff and his lawyer. A satisfaction of judgment was recorded on January 7, 1987.

The instant proceeding was initiated on February 6, 1987, almost a month after the recording of the satisfaction of judgment. On that date, the employer filed a document entitled "Offer of Proof of Lien Claim and Order Allowing Lien on Judgment". The document specifically sought a court order "allowing [a] lien on [the] judgment". The Court interprets the document as asking that the Court reopen the instant case and the judgment therein so as to permit the employer to perfect its lien claim. Both Popovich and the government opposed reopening the case and opposed any effort by the employer at this time to perfect its claimed lien. At the argument, Popovich's lawyer informed the Court that he still retained in his trust account sufficient funds to pay the employer's claimed

lien if his client was deemed required to do so.

One other legal proceeding is relevant to the problem presented. On October 3, 1986, after securing his favorable judgment here, but before its satisfaction, Popovich filed in the California Workers' Compensation Appeals Board ("Board") a document naming the employer as a defendant. It was entitled "Petition to Avoid Lien and Determine Insurer's Status for Credit against Third-Party Judgment".

The petition stated that Popovich had obtained a favorable judgment in the federal court, that prior to the entry of judgment the carrier had filed a notice of lien in the federal court, that the lien was presently "unabated", and that until the status of the lien was determined, the judgment could not be collected. The petition went on to charge that Martin was negligent in maintaining the ladder, which negligence was a contributing cause of Popovich's injuries. Because of the employer's negligence, the petition asked that the employer's lien be voided and declared to be of no force and effect and that the employer be given no credit against the federal court judgment either for workers' compensation payments already made to Popovich or payments to be made in the future.

The employer filed a response to Popovich's petition on December 24, 1986. The employer argued that since the federal court had made no finding of employer negligence, Popovich was estopped from raising that issue before the Board and his petition should be denied.

The Board denied Popovich's petition by formal order (with opinion attached) filed January 30, 1987. The Order and Opinion are reproduced in the margin.[3] As will be seen from those documents, the Board seemed to rest its decision on lack of jurisdiction although "abstention" is also mentioned as a basis for the order. The Board recognized that it could hear and determine an issue of employer negligence if the issue was raised pursuant to an employer's claim for credit under California Labor Code

3. See appendix attached.

§ 3861. That section provides that an employer may apply to the Board to have the employee's recovery against a third party credited to the employer's compensation liability. But the Board appears to have held that it has no jurisdiction to determine an issue of employer negligence in any other type of proceeding. Since jurisdiction was lacking, the Board said it was presented with no justiciable case or controversy.

Seven days after the Board's decision was filed, the employer filed the aforementioned "Offer of Proof, etc." here. This Court treated the document as a motion. As stated, both Popovich and the government opposed the motion. Popovich opposed on the ground that the employer's request for this Court to impose the lien came too late. In the alternative, he argued that if the Court does decide to entertain the claim, he should be given an opportunity to defeat the proposed lien by showing Martin's negligence. The government simply opposed on the ground that it has already satisfied the judgment.

The employer answers the claim that it waited too long and acted too late by pointing to the last sentence of California Labor Code, § 3858. The sentence reads: "No satisfaction of such judgment [for the employee and against the third party] in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy its lien". The employer claims that the statutory obligation was never performed and thus its lien rights may still be asserted and enforced.

## ISSUES

A variety of issues are raised by this complex set of facts. First, was there a duty on the part of Popovich or the government, or both, to notify the employer after the federal court judgment had been entered but before it was satisfied. If so, was that duty violated or was it substantially performed. Second, if the duty was violated, does this Court still retain jurisdiction to hear and adjudicate the employer's

petition to perfect its lien in view of the fact that the case has been closed and the judgment satisfied. Third, if jurisdiction exists, may Popovich now attempt here to defeat the proposed lien by raising the issue of employer negligence.

## DISCUSSION

### I. DUTY OF NOTIFICATION

■ A discussion of whether Popovich or the government, or both, had a duty to notify the employer of the federal court judgment and its imminent satisfaction, requires an examination of the entire statutory scheme.

Under relevant California statutes, the employer had many alternative methods open to it to obtain repayment of the compensation benefits previously paid to Popovich. The employer could have commenced an independent action of its own against the government to recover the amount of its lien (Cal.Lab.Code § 3852).[4] Or when Popovich began his own case and the employer did not file a separate action, the employer could have joined Popovich's case as a party plaintiff at any time before trial (Cal.Lab.Code § 3853). If either of those two alternatives had been utilized, the issue of notice to the employer would be moot.

A third alternative available to the employer is provided in Labor Code Sections 3856 and 3858. Section 3856(b) permits the employer to apply to a court in which a judgment favorable to the employee has been rendered in the employee's action, for allowance of the amount which the employer has spent in compensation payments "as a first lien against the [net] amount of such judgment...." Section 3858 delineates some further consequences of such a situation, i.e., where the employee has prosecuted his own action and obtained judgment and where the employer has sought and obtained a lien on that judgment for compensation payments already made. Section 3858 provides that if the judgment has been satisfied, the employer is also

---

**4.** Section 3852 gives the employer standing in this Court to become a plaintiff under the Tort Claims Act. *U.S. v. Aetna Surety,* 338 U.S. 366, 70 S.Ct. 207 (1949).

relieved of an obligation to pay future workers' compensation benefits up to the entire amount of the balance of the employee's judgment. The section contains the following significant sentence:

"No satisfaction of such judgment, in whole or in part, shall be valid without giving the employer notice and a reasonable opportunity to perfect and satisfy his lien."

Popovich's employer argues that the above-quoted sentence imposed on both Popovich and the government an affirmative obligation to notify it of the judgment and its imminent satisfaction, before the judgment was actually satisfied.

When the above quoted sentence is read logically and in the context of the entire statutory scheme, one is left with two conclusions. First, when the employee has sued a third party for negligence and both are aware of the employer's lien claim, the employer may refrain from taking any further action in prosecuting or perfecting its lien until it receives notice that a final judgment favorable to the employee has been rendered and that the judgment is about to be satisfied. Second, the satisfaction of such a judgment does not operate to extinguish the lien rights of the employer unless notice has been given of the impending satisfaction of the judgment so that the employer has had a reasonable opportunity, before the judgment is actually paid and satisfied, to perfect its lien and obtain a court order requiring direct payment of the lien to it.

The duty to give such notice falls clearly on the employee. If he gives it and the employer fails to act promptly to perfect its lien, its lien rights will be lost. If the employee fails to give such notice and the employee accepts payment of the judgment, the employee may well be liable to the employer for the amount of the lien. See the discussion *infra.*

Does the third party also have a duty to notify the employer? Section 3858, which calls for notice to be given, does not specify who must give it. No clear California holding imposes the duty on the third party. One California decision holds that when the third party has satisfied the judgment of the employee against him without notifying the employer, the third party may not later be sued by the employer for its claimed lien. *Bd. of Administration, etc. v. Glover,* 34 Cal.3d 906, 196 Cal.Rptr. 330, 671 P.2d 834 (1983). But that holding is distinguishable. The third party in that case satisfied the judgment without ever knowing of the employer's lien claim.

The holding in an earlier California decision, *Heaton v. Kerlan,* 27 Cal.2d 716, 166 P.2d 857 (1946), suggests the possibility that a third party defendant who pays the employee's judgment to the employee, knowing of the employer's lien claim, may have paid the judgment at his own risk. However, *Heaton* contains no clear holding to that effect and the case involved unusual facts. The employee had commenced his own negligence action against the third party. Thereafter, the employer made a formal application to the court in that action to establish its lien. Both the employee and the third party sought to have the employer's application stricken and the trial court struck it. The employer appealed. While the appeal was still pending, the employee's case against the third party went to trial and a judgment was rendered in favor of the employee. Thereupon the third party paid the judgment in full. Some time after the judgment was paid, the Supreme Court reversed the trial court's striking of the employer's application. The Supreme Court held that the payment of the judgment in full by the third party did not extinguish the employer's lien rights. The court in *Heaton* did not discuss the duty of notification. Thus *Heaton* leaves open the question of the third party's duty to notify.

In the absence of a clear and compelling state court holding on the point, this Court is of the view that no duty of notification falls on the third party even if the third party had knowledge of the employer's lien claim. The third party could, in the view of this Court, proceed to satisfy the judgment by paying it to the employee without running the risk of any later double payment.

If the legislature intended to impose a duty of notification on the third party, it could have done so in clear language. Such language is totally absent from the statute. We deal with a situation in which the employer is not a party to the case in which the judgment has been rendered. The judgment exists in the name of the employee alone. The employer, who could have brought his own case or joined in the employee's case as a party, has chosen to do neither. The third party has never had any direct relationship with the employer. No discernable public policy supports imposing on the third party in such a case a duty to notify the employer of the judgment and a duty to refrain from satisfying it until the employer has chosen to do something affirmative about his lien.

Even if, arguendo, it is held that the third party has a separate and independent duty to notify the employer, that duty should not be held to exist under the facts of the instant case. If the employer can now require the government to pay the amount of the lien directly to the employer after having paid its judgment debt to Popovich in full, Popovich would have the benefit of what courts have called a "double recovery". *See Glover, supra,* 34 Cal.2d at 917–18, 196 Cal.Rptr. 330, 671 P.2d 834. In addition, such a result would promote multiplicity and circuity of litigation. In the event it paid twice, the government would seem to have a clear case against Popovich for recovery of the amount it is forced to pay to the employer on account of the lien. Moreover, the government, on the facts here, is essentially blameless. It was aware that the employer had filed its "notice", but it heard no more from the employer. The government paid the judgment against it five months after judgment had been entered, and paid it to the judgment creditor who, so far as the government knew, was the only person entitled to payment.

## II. WAS THE DUTY OF NOTIFICATION DISCHARGED?

■ On the facts of this case the Court holds that Popovich did not discharge the statutory duty imposed on him under Labor Code Section 3858 to notify the employer of the impending satisfaction of judgment. It can be argued that Popovich's petition before the Board constitutes substantial fulfillment of the statutory duty of notification. That petition does inform the employer that there has been a judgment in the federal court and does mention its possible imminent satisfaction. But the Popovich petition was not unequivocal notice of the type required under Section 3858 which would then and there impose on the employer the duty to take affirmative steps to perfect and protect its lien. Unfortunately for Popovich, his petition before the Board said that the federal court judgment could not be "collected" until the Board had adjudicated his petition. That statement may well have misled the employer to do nothing more about its lien until the Board had acted on the petition. The government tendered payment of the judgment before the Board acted on the petition. Popovich accepted payment and thus "collected" the judgment, despite his statement in the petition that he could not legally do so.

Since Popovich has not discharged his statutory duty of notification, if this Court retains jurisdiction, the employer may resort to this Court as a forum in which to perfect its lien and obtain an order requiring Popovich to pay the lien to the employer.

## III. MAY POPOVICH RAISE THE ISSUE OF EMPLOYER'S NEGLIGENCE TO DEFEAT THE LIEN?

■ The above holdings require the Court now to decide another difficult question, i.e., whether Popovich in defending here against the employer's assertion of a lien, may raise the issue of employer negligence for the purpose of diminishing or defeating the lien.

The Court has reached the conclusion that Popovich cannot contest the alleged negligence of his employer in this Court within the confines of this case.[5] A California court has held that the employee may not include the employer as a co-defendant in his action against the third party

---

**5.** This Court is aware that in the Board's decision quoted in Footnote 3, the Board asserted

tort feasor, even if the only purpose of including the employer as a co-defendant is to raise the issue of the employer's negligence so as to affect the employer's lien claim. *Gilford v. State Compensation Insurance Fund,* 41 Cal.App.3d 828, 116 Cal. Rptr. 615 (1974); Peyrat, *supra* § 3.9, p. 45 (1985). The *Gilford* court goes on to say that the Workers' Compensation Appeals Board has the "exclusive" jurisdiction to determine employer negligence when asserted by the employee in an attempt to impair or defeat the employer's lien. *Id.,* 41 Cal.3d at 834, 116 Cal.Rptr. at 619. This Court is bound to follow California law as the California courts have declared it.

If California law precludes a court contest of employer negligence by the employee, certain anomalies become apparent. For example, while the employee may not, in his third party negligence action, assert employer negligence, it is clear that the third party defendant in such action may assert it. And, if the third party defendant establishes the negligence of the employer in such a case, the finding reduces or bars the employer's lien on the recovery (depending on the proportion of employer fault), and the employee's recovery against the third party is diminished in the same amount. *Witt v. Jackson,* 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641 (1969). *Aceves v. Regal Pale Brewing Co.,* 24 Cal.3d 502, 156 Cal Rptr. 41, 595 P.2d 619 (1979).

This inconsistency is aggravated by a second anomaly. While the employee may not assert employer negligence in any court proceeding, he *may* do so in a quasi-judicial proceeding before the Board. Consider a situation where the employee has won a judgment against the third party and where the employer has obtained a lien on the judgment for compensation payments made up to the date thereof, all without the third party having raised an issue of employer's negligence. The employer thereafter has the right to go to the Board and petition for credit against the workers' compensation payments to become due in the future, up to the amount of the employee's net judgment. Labor Code § 3861. In that type of a proceeding, the employee may defensively assert employer negligence and, if successful, credit will be reduced or denied. *Roe v. W.C.A.B.,* 12 Cal.3d 884, 117 Cal.Rptr. 683, 528 P.2d 771 (1974); *Associated Construction & Engineering Company v. W.C.A.B.,* 22 Cal.3d 829, 150 Cal.Rptr. 888, 587 P.2d 684 (1978).

So we find the employee barred from asserting employer negligence in a court for the purpose of defeating the employer's lien but allowed to assert it before the Board to defeat the employer's right to credit for future compensation payments. That result seems to make no logical sense.[6] It is to be hoped that the California courts or legislature will take steps to correct these anomalies. Correction could come by new court decisions further construing the statutes or by legislative amendment of them.

that this Court would have jurisdiction to decide Popovich's claim of employer negligence. No authority is cited and this Court is of the view that that gratuitous opinion is wrong.

6. In *Roe, supra,* the California Supreme Court weighed the relative value of the two public policies which come into collision in cases like the instant one. The Court was called on to decide the permissible scope of proceedings between employer and employee before the Board. The employee had collected a judgment by settlement against the third party and the employer was asking the Board to credit it with the full net amount of that judgment as against compensation payments which the employer would be required to make in the future. The issue was whether employer negligence could be asserted by the employee. The Court recognized that if credit were allowed to the employer despite its own negligence, such credit would contravene the policy against rewarding a wrongdoer by allowing him reimbursement despite his fault. The Court also recognized that denying the credit to the negligent employer would require the employer to make all of the future compensation payments, thus violating the policy against double recovery by the employee. The Court decided that the policy against rewarding wrongdoing was the stronger and would prevail where the contest was only between employer and employee and no third party's interests were involved.

If that choice of policy is to be fully implemented, it would lead one to the conclusion that in a case like the instant one, when the third party is no longer concerned with the outcome of the case, the employee should be able, even in a Court, to assert employer negligence in order to defeat or minimize the lien. This also suggests that the language of *Gilford* about the "exclusive jurisdiction" of the Board is highly questionable.

## IV. DOES THIS COURT HAVE JURISDICTION TO REOPEN THE JUDGMENT AS REQUESTED?

Because this Court's judgment has been fully satisfied, no choses in action or property remain before the Court on which a lien can attach, absent a reopening of the judgment. The Court is of the view that it lacks jurisdiction to reopen the judgment as requested by the employer. Motions to alter or amend judgment under F.R.Civ.P. 59(e) must be filed within ten days after entry of judgment. Thereafter, reopening of judgments is governed solely by F.R. Civ.P. 60(b). The rule provides that "On motion ... the Court may relieve a *party* ... from a final judgment for the following reasons...." (emphasis supplied).

It seems clear that the employer was not and is not a "party" in the instant federal court case. Courts have been quite strict in construing Rule 60(b) and have limited relief under it to those who are unquestionably parties.

"We take this to mean that only one who was a party to the original action which gave rise to the final judgment or order now being attacked may be heard to complain of the unfair or incorrect ramifications of the judgment." *Smith v. Missouri Pacific R. Co.*, 26 FR Serv.2d 637 (W.D.La.1978), *aff'd.* 615 F.2d 683 (5th Cir.1980).

The employer could have become a party to this case. As above stated, it could have brought its own action (which would have been consolidated with Popovich's action) or it could have entered Popovich's case as a party plaintiff. But neither occurred.

The Court need not decide whether the employer would have qualified as a "party" if it had attempted to perfect its lien in this Court before the satisfaction of judgment. That also did not occur. So, the employer here cannot be considered a "party" to the action by any stretch of the imagination. The instant motion must be denied for lack of jurisdiction.

### FINAL COMMENTS

All parties should recognize that the present decision may not be the last word.

The California courts have often emphasized that an important policy of the California workers' compensation statutes is to prevent double recovery by an employee. It is thought to be unfair to have the employee recover fully for his injury against a negligent third party while keeping for himself the worker's compensation payments which the employer has made to him. On the facts of the instant case, such double recovery may well give rise to a quasi-contractual cause of action by the employer against the employee. There is also at least the possibility of a new action by the employer against the employee for breach of the statutory duty to notify the employer of the impending satisfaction of judgment.

Popovich has informed the Court that if the employer finds a forum in which to assert its lien, he intends to contest the specific amount claimed. Popovich asserts that some of the workers' compensation payments alleged to be lienable were paid for a different and later injury than the fall from the ladder at Vandenberg. Of course, if any new action eventuates, Popovich will be entitled to assert that defense. But if California law is correctly interpreted in this opinion, he will not be able to assert employer negligence in that new action.

For the reasons stated above, the employer's motion is denied.

### APPENDIX

### WORKERS' COMPENSATION APPEALS BOARD

State of California

DANIEL POPOVICH, Applicant

vs.

MARTIN MARIETA; HOME INSURANCE COMPANY; SCOTT WETZEL SERVICES, Defendant

Case Nos. 83 SBA 40211, 84 SBA 42435

JOINT FINDINGS AND ORDER

The Honorable ROBERT A. EBENSTEIN, Workers' Compensation Judge, makes his Findings and Order as follows:

952

## FINDINGS OF FACT

1. This Court has jurisdiction over the issue of employer negligence.

2. There is no present case or controversy pending before the Appeals Board, which would justify adjudication of the issue of employer negligence.

3. The instant issue is not ripe for adjudication.

## ORDER

For the reasons stated in the Opinion on Decision and Good Cause Appearing therefore, it is hereby Ordered that the issue of employer negligence be taken off calendar until a claim for Third party credit is made.

It is further Ordered that the hearing scheduled for March 30, 1987, be and is taken off calendar.

/s/Robert A. Ebenstein
ROBERT A. EBENSTEIN
Workers' Compensation Judge

## OPINION ON DECISION

This matter before the Court on the issue of whether this Court has jurisdiction to hear applicant's claim of employer negligence. This Court finds that while it has technical jurisdiction, there is no justiciable issue before it, and that applicant seeks an advisory opinion contrary to law. Therefore, the Court may not try the issue.

The relevant facts are not in dispute. Applicant has filed a Third party claim and received a recovery. Defendant has filed a lien for subrogation in the Third party action. It has paid applicant workers compensation benefits. It has not made any claim for credit in the workers' compensation case. It does not seek one now. It is applicant who desires a trial on the issue of employer negligence.

It is axiomatic that this Board and the District Court have concurrent jurisdiction to determine the issue of employer negligence. *Roe v WCAB* (1974) 39 CCC 791. The issue has yet to be heard before the District Court. Therefore, this Court has jurisdiction to determine the issue in the first instance. However, in workers' compensation proceedings, the only relevance of a finding on the issue of employer negligence is in determining a claim for third party credit. In the instant case there is no claim for credit pending pursuant to Labor Code Section 3861. Therefore, there is no case or controversy pending before this Court, which would justify determination of the issue. This decision is in accord with Labor Code Section 3856(b), which allows only the employer to institute subrogation claims.

In conclusion, this Court notes that the issue of employer negligence is only germaine to one issue which is presently ripe for adjudication, to wit: the lien filed in the Federal District Court. This Court has no jurisdiction over that lien. Therefore, the only present case and controversy is in the federal court and only the federal court should determine same. Consequently, this Court must abstain from determining the issue and the hearing of March 30, 1987 must be taken off calendar.

/s/Robert A. Ebenstein
ROBERT A. EBENSTEIN
Workers' Compensation Judge