[No. B055910. Second Dist., Div. Three. Oct. 22, 1992.]

RILEY O'DELL et al., Plaintiffs and Respondents, v.
FREIGHTLINER CORPORATION, Defendant and Respondent;
ROLLINS LEASING CORPORATION, Movant and Appellant.

**COUNSEL**

Jones, Nelson, Ford & Haley and Richard E. Guilford for Movant and Appellant.

Norman Warren Alschuler for Plaintiffs and Respondents.

Murchison & Cumming, Edmund G. Farrell III and Friedrich W. Seitz for Defendant and Respondent.

## Opinion

KLEIN, P. J.—Movant and appellant Rollins Leasing Corporation (RLC) appeals the order denying its motion to set aside the voluntary dismissal entered in favor of defendant and respondent Freightliner Corporation (Freightliner). By the motion RLC sought to intervene in a personal injury action brought by its employee, plaintiff and respondent Riley O'Dell (O'Dell), against Freightliner.

### Summary Statement

O'Dell sued Freightliner for personal injuries assertedly caused as a result of his use of a truck manufactured by Freightliner. Because the injury occurred in the course of his employment, RLC paid O'Dell approximately $37,000 in workers' compensation benefits. O'Dell settled the case against Freightliner before trial and voluntarily dismissed the lawsuit. Thereafter, RLC moved to set aside the dismissal so it might file a complaint in intervention to recoup the workers' compensation benefits.[1] RLC claimed it had not received proper statutory notice of O'Dell's action against Freightliner.[2]

The trial court denied the motion on the grounds RLC lacked standing to set aside O'Dell's voluntary dismissal of the action and, in any event, RLC had notice of the third party lawsuit against Freightliner.

Although we find O'Dell did not provide RLC formal notice of the action, the trial court properly ruled O'Dell's dismissal of the action precluded RLC's intervention. Accordingly, we shall affirm.

We reject RLC's related claim that Freightliner had a duty to notify RLC of the pending settlement. RLC's remedy at this time is limited to an action against O'Dell or a claim of credit against future workers' compensation payments to him.

---

[1] RLC also filed a motion to impress its workers' compensation lien on the settlement but has not appealed the trial court's denial of that motion.

[2] Labor Code section 3853 states: "If either the employee or the employer brings an action against such third person, he [or she] shall *forthwith* give to the other a copy of the complaint by personal service or certified mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before trial on the facts, join as party plaintiff . . . ." (Italics added.)

All subsequent statutory references are to the Labor Code, unless otherwise indicated.

## Factual and Procedural Background

1. *Settlement and dismissal of O'Dell's personal injury action against Freightliner and RLC's attempt to intervene.*

O'Dell suffered the employment related injury in issue here on May 31, 1988, when an allegedly defective truck ladder manufactured by Freightliner gave way as O'Dell attempted to use it. O'Dell obtained approximately $37,000 in workers' compensation benefits from RLC.

On March 7, 1989, O'Dell and his wife (the O'Dells) filed a third party lawsuit against Freightliner.

On April 19, 1990, the O'Dells' attorney mailed a copy of the complaint to RLC and its adjuster, Continental Loss Adjusting Service (Continental), by certified mail. An accompanying letter advised the mandatory settlement conference (MSC) and trial had been set for May 25, 1990, and June 19, 1990, respectively.

On May 25, 1990, the O'Dells settled the lawsuit at the MSC for $50,000. A voluntary dismissal of the action against Freightliner with prejudice was entered on June 11, 1990.

On September 20, 1990, RLC filed a motion to set aside the dismissal on the grounds of inadvertence, surprise or excusable neglect under Code of Civil Procedure section 473 and for leave to file a complaint in intervention against Freightliner.

RLC's counsel filed a declaration in support of the motion which alleged the notice sent by certified mail on April 19, 1990, had not been addressed to any particular person and had not been received by anyone authorized to accept service of process. The workers' compensation adjuster responsible for the O'Dell claim did not receive the notice until May 21, 1990, and on June 15, 1990, the adjuster retained counsel to represent RLC's interests. Counsel immediately contacted opposing counsel and was advised the case had settled on May 25, 1990.

On June 18, 1990, one week after the lawsuit voluntarily had been dismissed with prejudice, RLC filed a notice of lien. A complaint in intervention offered for filing on the same date was rejected.

2. *Opposition to the motion to set aside the dismissal.*

Freightliner and the O'Dells opposed RLC's motion. Counsel for both parties asserted RLC had failed to file a lien despite knowledge of the

lawsuit. They claimed RLC knew about the action because Freightliner had sought discovery of O'Dell's employment records and had inspected the truck involved in the accident on RLC's premises.[3]

The O'Dells' counsel declared he had telephoned Theresa Milen (Milen) of Continental on February 5, 1990, and again on April 17, 1990, to inquire whether RLC intended to file a lien in this case. Counsel left a message for Milen on each occasion but she failed to return the calls. When counsel received no response, he mailed the statutory notice by certified mail to RLC and Continental on April 19, 1990, and, in a cover letter accompanying the notice, advised them of the dates for the MSC and the trial. The return receipts indicated RLC and Continental had received the notices on April 23, 1990, and April 27, 1990, respectively.

Freightliner's counsel averred "throughout the discovery process in this case, [RLC] was contacted on numerous occasions with respect to the inspection of the vehicle involved, scheduling depositions, and obtaining of documents . . . ."

The Freightliner employee responsible for administration of the O'Dell claim filed a declaration in which she stated correspondence had been exchanged with RLC concerning the matter commencing in September 1988.

3. *The trial court's ruling.*

The notice of ruling on RLC's motion indicates the trial court denied the motion for order to set aside dismissal and for leave to file proposed complaint in intervention on the grounds "(1) *Roski* v. *Superior Court* (1971) 17 Cal.App.3d 841 [95 Cal.Rptr. 312] is controlling and (2) even if it is not, [RLC] had notice of the third party action."

RLC appeals that decision.

---

[3]Attached to the O'Dells' counsel's declaration were copies of numerous documents offered in support of the claim of actual notice. Among these were (1) subpoenas issued on October 7, 1989, that Freightliner had served on RLC, (2) a letter dated December 5, 1988, from RLC to Freightliner regarding inspection of the truck, and (3) a letter dated March 6, 1989, from Freightliner to RLC regarding the claim "being presented by Mr. O'Dell for an injury supposedly sustained on May 31, 1988, wherein he fell from the unit when the step allegedly broke."

Counsel also attached copies of letters from Freightliner to RLC dated September 26, 1988, November 18, 1988, and February 7, 1989, regarding inspection of the truck or its maintenance records.

On February 28, 1990, Freightliner's counsel wrote a letter to RLC which indicated counsel's inspection of the maintenance records revealed the driver's step had been repaired or replaced "both before and shortly after Mr. O'Dell's accident . . . ."

CONTENTS

RLC contends: (1) the notice of the lawsuit given by the O'Dells was untimely and insufficient to protect its subrogation rights; (2) any actual notice RLC may have had failed to notify it the action against Freightliner was based on an employment related injury or that RLC's subrogation rights were in jeopardy; (3) Freightliner failed to give notice of its intent to raise RLC's concurrent negligence as a defense; (4) O'Dell *and* Freightliner were obligated to notify RLC of the settlement before dismissal of the action; and, (5) RLC has standing to move to set aside the dismissal.

DISCUSSION

1.  *Overview of applicable workers' compensation law.*

    a.  *General principles.*

■ An employee injured in the course of employment is entitled to receive compensation benefits from his or her employer without regard to negligence. (§ 3600, subd. (a); *Jacobsen v. Industrial Acc. Com.* (1931) 212 Cal. 440, 447 [299 P. 66].) This recovery is the employee's exclusive remedy as against the employer (§§ 3601, 3602, subd. (a)) but does not preclude suit by the employee against a negligent third party (§ 3852).

■ To prevent double recovery by the employee, an employer may recoup the benefits it has paid to the employee by utilizing any of three different means: (1) a direct action against the third party (§ 3852); (2) as a party or an intervener in an action by the employee against the third party (§ 3853); or, (3) as a lien claimant against the employee's recovery in an action against the third party (§ 3856, subd. (b)). (*Witt v. Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]; *Heaton v. Kerlan* (1946) 27 Cal.2d 716, 721-722 [166 P.2d 857]; *Brandon v. Santa Rita Technology, Inc.* (1972) 25 Cal.App.3d 838, 842 [102 Cal.Rptr. 225].)[4]

The California workers' compensation scheme seeks to ensure that, regardless of whether the employee or the employer sues the third party, both recover their due, and, as far as possible, the third party need defend only one lawsuit. (*County of San Diego v. Sanfax Corp.* (1977) 19 Cal.3d 862, 872 [140 Cal.Rptr. 638, 568 P.2d 363]; *Ventura County Employees' Retirement Association v. Pope* (1978) 87 Cal.App.3d 938, 952 [151 Cal.Rptr. 695]; *Abdala v. Aziz* (1992) 3 Cal.App.4th 369, 377 [4 Cal.Rptr.2d 130].)

---

[4]The term employer as used herein includes the employer's workers' compensation insurance carrier. (§ 3850, subd. (b).)

"Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d at p. 874; *State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co.* (1989) 210 Cal.App.3d 740, 751 [258 Cal.Rptr. 545].)

■ A one-year statute of limitations governs both the employee's and the employer's suit against a third party. (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d at pp. 868-869; *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.* (1953) 41 Cal.2d 785, 787-788 [264 P.2d 5, 41 A.L.R.2d 1037].) However, an employer or an employee has an unconditional right to intervene in the other's lawsuit any time prior to trial on the facts (§ 3853; *Jordan* v. *Superior Court* (1981) 116 Cal.App.3d 202, 206-207 [172 Cal.Rptr. 30]) and thereby avoid the one-year statute of limitations (*County of San Diego* v. *Sanfax Corp., supra,* at p. 885; *State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co., supra,* 210 Cal.App.3d at pp. 750-751; *DeMeo* v. *St. Francis Hosp.* (1974) 39 Cal.App.3d 174, 177 [114 Cal.Rptr. 280]).

An employee or employer who sues a third party is required to notify the other *forthwith* by personal service or certified mail and file proof of service in the action. (§ 3853; see fn. 1, *ante.*) A similar duty obtains where the employee settles with a third party without filing a lawsuit. (*Board of Administration* v. *Glover* (1983) 34 Cal.3d 906, 916 [196 Cal.Rptr. 330, 671 P.2d 834].)

The employer is also entitled to notice where a third party tortfeasor raises the issue of the employer's concurrent negligence. Because the successful assertion of that defense defeats the employer's right of reimbursement (*Witt* v. *Jackson, supra,* 57 Cal.2d at p. 72), due process requires timely notice to the employer to enable it to defend the charge and thereby protect its right to recoup benefits paid (*Brandon* v. *Santa Rita Technology, Inc., supra,* 25 Cal.App.3d at p. 846). In such a case, the employer must file a complaint in intervention in order to protect its rights.

On the other hand, if the employer's negligence has not been raised as an issue in the third party action, the employer may rely on its lien rights. (*Carden* v. *Otto* (1974) 37 Cal.App.3d 887, 895 [112 Cal.Rptr. 749].)

"If the employer has the statutory notice of the commencement of the action by [an] employee and fails to assert and timely to apply for the allowance of [its] lien, [the employer] must be deemed to have waived [its] right to the same and should be estopped by reason of such failure from

thereafter asserting the right." (*Jacobsen* v. *Industrial Acc. Com.*, *supra*, 212 Cal. at p. 448; *Popovich* v. *U.S.* (C.D.Cal. 1987) 661 F.Supp. 944, 948.)

    b.   *Employee's right to settle with a third party tortfeasor without the employer's consent.*

Prior to 1971, no settlement of any claim against a third party tortfeasor by either the injured employee or the employer was valid without the written consent of the other. (Former §§ 26, 3859.) This provision prevented both the employee and the employer from settling with a third party tortfeasor at the expense or disadvantage of the other and encouraged employers and employees to settle their claims simultaneously. (*Brown* v. *Superior Court* (1970) 3 Cal.3d 427, 431-432 [90 Cal.Rptr. 737, 476 P.2d 105]; *Ellis* v. *Wells Manufacturing, Inc.* (1989) 216 Cal.App.3d 312, 315 [264 Cal.Rptr. 648].)

However, when the Supreme Court in *Witt* held the third party tortfeasor could assert the employer's concurrent negligence to defeat the employer's subrogation rights, the mutual consent provision gave the negligent employer "bargaining power in the settlement context unrelated to the likelihood of its success in any litigation. By taking advantage of an employee's or third party's interest in a quick settlement, a contributorily negligent employer could conceivably coerce an employee or third party into allowing it to share in a settlement." (*County of San Diego* v. *Sanfax Corp.*, *supra*, 19 Cal.3d at p. 883; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 837 [150 Cal.Rptr. 888, 587 P.2d 684].)

In order to free the employee from the necessity of obtaining the employer's consent before settling with a third party tortfeasor, the Legislature amended sections 3859 and 3860 in 1971. Subdivision (b) was added to section 3859. It states: "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he [or she] may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation [the employer] has paid in accordance with Section 3852." (§ 3859, subd. (b).)

Section 3860, subdivision (b), was amended to read in part: "Except as provided in section 3859, the entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation [the employer] has paid or become obligated to pay . . . ."

■   These amendments permitted an employee to segregate his or her own damage claim from the employer's claim for reimbursement for workers' compensation benefits paid. "The employee thus is permitted to settle

his [or her] own claim for a sum exclusive of amounts . . . already received in the form of a workers' compensation award without jeopardizing the employer's subrogation right." (*Board of Administration* v. *Glover, supra,* 34 Cal.3d at pp. 913-914; *Ellis* v. *Wells Manufacturing, Inc., supra,* 216 Cal.App.3d at p. 316.)

With these principles in mind, we turn to the facts of this case.

*2. O'Dell failed to give effective notice of the pending action against Freightliner.*

   *a. The statutory notice was not given forthwith and, under the circumstances, was misleading.*

■ RLC asserts the notice it received was not given "forthwith" as required by section 3853. Further, when considered with the subsequent settlement and dismissal, the notice provided was inadequate to allow RLC a reasonable opportunity to protect its interests. We agree.

The return receipts indicate RLC and Continental accepted delivery of the statutory notices one month prior to the MSC and approximately two months prior to the noticed trial date. RLC asserts, and O'Dell does not dispute, that the notice did not reach a responsible individual at Continental until May 21, 1989, four days before the MSC, and four weeks before the trial date.

Continental acted upon receipt of the notice and retained counsel to represent its interests on June 15, 1990, but by that date the case already had been dismissed.

Although the trial court undeniably is vested with considerable discretion when asked to test notice against a standard as vague as "forthwith," the notice given here simply does not comport with that standard as a matter of law. *O'Dell did not mail the notice until 13 of the lawsuit's 15 months had been spent.*

Further, in the circumstances of this case, the notice provided by O'Dell misled RLC.

The date of trial is significant because it limits the employer's right to intervene in the action. (§ 3853.) "Since the right to intervene exists up to the time of trial on the facts, proper notice of the trial date is essential. Proper and orderly procedure dictates that the notice be a formal one and not be left to informal communication between counsel." (*Carden* v. *Otto, supra,* 37 Cal.App.3d at p. 897.)

No amount of actual notice of the pending lawsuit would have advised RLC the case had been settled and dismissed before the noticed trial date. But for the dismissal, RLC's attempt to intervene on the day before the noticed trial date would have been timely and proper. It therefore must be concluded the notice provided by the O'Dells was inadequate to allow RLC to protect its subrogation rights.

### b. *O'Dell's duty to notify RLC of the settlement.*

RLC also argues O'Dell's settlement failed to protect its right to recoup benefits paid. It asserts section 3859, subdivision (b), imposed upon O'Dell a duty to notify it of the impending settlement. Section 3859, subdivision (b), grants the employee the right to settle its segregated claim for damages without the employer's consent. The last sentence of subdivision (b) of section 3859 provides: "Such settlement or release shall be subject to the employer's right to proceed to recover compensation [the employer] has paid in accordance with Section 3852 [which permits an employer to file a direct action against the third party]."

On the instant facts we agree O'Dell had a duty to notify RLC of the impending settlement. However, it does not follow that said duty arises out of section 3859, subdivision (b). Indeed, RLC concedes O'Dell's settlement was segregated, that is, constituted "new money," and did not include its right to reimbursement. (*Van Nuis* v. *Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222, 229 [111 Cal.Rptr. 398].) Thus, O'Dell's settlement complies with the dictate of the subdivision and RLC is free to proceed against Freightliner by direct action to recover compensation it has paid. However, as a practical matter, RLC's separate action against Freightliner is now time barred.

Rather than relying on section 3859, subdivision (b), we conclude "[t]he fair implementation of subrogation rights within the statutory scheme, as well as general principles of equity, compel" imposition of a duty on the employee to notify the employer of *an impending settlement* where, as here, the statutory notice relied upon is given late and, under the circumstances, is misleading. (*Board of Administration* v. *Glover, supra,* 34 Cal.3d at p. 916.)

### c. *RLC's analogy to Code of Civil Procedure section 416.10 service requirements moot.*

Because we find O'Dell failed to give effective notice, we need not consider RLC's further assertion the requirement of "personal service" or "certified mail," by analogy to Code of Civil Procedure section 416.10

regarding service of summons and complaint on a corporation, should be interpreted to require certified mail addressed to the corporation's authorized agent for service of process.

3. *The trial court properly refused to allow RLC to set aside the dismissal.*

a. *RLC's argument is unpersuasive.*

■ RLC argues section 3859, subdivision (b), discussed in the preceding section, allows an employer to rely on its employee to act as the employer's trustee. RLC contends until the time of trial, an employee is charged with the duty to safeguard the employer's right to sue the third party.

RLC claims O'Dell's breach of the duty to protect its interests renders the dismissal void for failure to give notice of the settlement. RLC asserts the proper relief in this situation is to leave the settlement between Freightliner and O'Dell intact but to set aside the dismissal so that RLC might prosecute its complaint in intervention against Freightliner.

Although we agree O'Dell breached the duty to notify RLC, the remedy suggested by RLC is not appropriate. We conclude the trial court properly relied upon *Roski* v. *Superior Court* (1971) 17 Cal.App.3d 841 [95 Cal.Rptr. 312], in denying RLC's motion.

b. *Pursuant to the holding in Roski, RLC lacked standing.*

In *Roski* an employer sued the third party, settled, and filed a voluntary dismissal of the action. Thereafter, the trial court granted the employee's motion to vacate and set aside the dismissal pursuant to Code of Civil Procedure section 473. The *Roski* court reversed because: "Only a *party* to an action or *his legal representative* may avail himself of the relief afforded by Code of Civil Procedure section 473." (*Roski* v. *Superior Court, supra*, 17 Cal.App.3d at p. 846.)

RLC argues *Roski* is distinguishable because: (1) RLC's notice of lien filed on June 18, 1990, *after* entry of dismissal with prejudice established its rights as a lien claimant; (2) RLC was in a relationship of trust or privity with O'Dell which gave it standing, and (3) the 1971 amendment of section 3859, subdivision (b), rendered inapplicable the *Roski* dicta which stated an employer might bring an independent action against its employee for failure to obtain the employer's consent prior to settlement. Because that remedy is now foreclosed, RLC asserts its only right of action is to prosecute a claim in intervention against the third party.

None of these contentions has merit.

First, the plaintiff in a lawsuit has an absolute right to dismiss. (Code Civil Proc., § 581, subd. (b)(1).) Neither the clerk nor the trial court has any discretion in the matter. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 67, pp. 378-379.) Numerous cases note that voluntary dismissal of a lawsuit terminates the trial court's jurisdiction over the matter. (*Aetna Casualty & Surety Co.* v. *Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931 [249 Cal.Rptr. 175]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].) (But see, *Basinger* v. *Rogers & Wells* (1990) 220 Cal.App.3d 16, 21-22 [269 Cal.Rptr. 332] [which notes the breadth of this statement must be limited so as to except the trial court's retention of jurisdiction to vacate the dismissal upon motion of a party pursuant to Code Civ. Proc., § 473].)

Upon the O'Dells' voluntary dismissal of the lawsuit, it terminated. The filing of a lien after voluntary dismissal of the action could not confer standing as a party on RLC. The action already had been dismissed.

Second, O'Dell and RLC were no more in privity than the employer and employee in *Roski*. Nor do the cases relied upon by RLC establish a trust or fiduciary relationship between employer and employee.

*Tate* v. *Superior Court* (1963) 213 Cal.App.2d 238 [28 Cal.Rptr. 548], held the employer was not an indispensable party to the action despite the third party's assertion of a *Witt* defense. In the course of so holding, *Tate* compared the employee's position to that of "a trustee of an express trust or a person expressly authorized by statute [to] sue without joining the persons for whose benefit the action is prosecuted." (*Id.*, at p. 246.)

*Carden* v. *Otto, supra*, 37 Cal.App.3d 887, a case relied upon by RLC elsewhere, specifically rejected the *Tate* trustee theory. In *Carden* the employer moved to set aside a judgment entered after the employee and the third party had litigated a *Witt* defense in the employer's absence. *Carden* held the adjudication of the employer's negligence was not res judicata as to the employer because it was neither a party nor in privity with a party. No privity appeared because, but for the exclusivity of the workers' compensation remedy, the employer would have been a defendant.

*Carden* stated, "There is dicta in the *Tate* opinion to the effect that . . . the employee represents the employer in a manner analogous to a trustee bringing an action on behalf of the beneficiaries. This, of course, suggests

the existence of a fiduciary relationship, one which, . . . , clearly does *not* exist . . . ." (*Carden* v. *Otto, supra,* 37 Cal.App.3d at p. 894.)

Even where the *Witt* defense has not been raised by the third party, there is no reason to impose the duties of a trustee on an employee. The requirement of timely notice of the action, together with the employer's right to intervene, sue in its own right, or impose its lien are sufficient to protect the employer's rights.

In the absence of a trust relationship or capacity as O'Dell's legal representative, RLC lacks standing to seek relief under Code of Civil Procedure section 473. A legal representative has been held to include, among other things, an executor, a successor in interest, and a trustee in bankruptcy. (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 146, pp. 548-549.) However, RLC has cited no case in which an individual with a right to intervene in a lawsuit, without more, has been held to be the legal representative of the plaintiff.

Finally, although the 1971 amendments to the Labor Code relied upon by RLC have eliminated an employer's potential cause of action against an employee for failure to obtain the employer's consent to a settlement, an employer nonetheless retains the right to sue for breach of the duty to notify. (See Discussion, *ante.*) Thus, the Labor Code changes enacted in 1971 have no meaningful impact on the holding in *Roski.*

RLC next seeks to distinguish *Roski* based on the fact the employer in *Roski* gave the employee statutory notice of the action whereas here RLC did not receive such notice. Although this is a distinguishing factor, it does not alter the result. Regardless of whether RLC received notice of the action, it lacks standing to set aside the dismissal.

    c.   *Settlement and dismissal of the action precludes RLC's intervention.*

RLC's reliance on *Carden* v. *Otto, supra,* 37 Cal.App.3d 887, also is misplaced. There the employer filed a lien in the employee's suit but did not intervene. The employer knew the defendant's answer had placed the employer's negligence in issue. The employer asked the employee's attorney to provide notice of eligibility to file a certificate of readiness. The employee's counsel failed to do so and the parties litigated the *Witt* defense in the employer's absence. The trial court found the employer negligent and the defendant stipulated to judgment in favor of the employee. The employer unsuccessfully moved to set aside the judgment.

*Carden* found the employer had not received timely formal notice of the *Witt* defense per *Brandon* or notice of the trial date. *Carden* reasoned the equitable result would be to restore the parties to the status quo which existed prior to the purported trial. In that posture the employer could intervene and the parties could effect a settlement which left the employer free to proceed independently. (*Carden* v. *Otto, supra,* 37 Cal.App.3d at p. 897.)

RLC urges a similar result should obtain here. It suggests the settlement be left intact and RLC be allowed to proceed against Freightliner on its complaint in intervention. However, *Carden* expressly rejected this option as inequitable because it would expose the third party defendant to further liability while permitting the settlement between the employee and the third party to stand.

Such a result would violate the principle that a third party tortfeasor, to the extent possible, should be subjected to only one action in which the totality of its liability is in issue. (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d at p. 873.) The solution sought by RLC essentially would subject Freightliner to successive suits based upon the same injury.

Further, the employer in *Carden* appealed the denial of a motion to vacate a judgment whereas RLC seeks to set aside a dismissal. Although this distinction might appear to be one grounded solely in procedure, it is not. A judgment, like a proposed settlement, is not final. It has not yet been satisfied. Dismissal of an action, like satisfaction of a judgment, brings a finality to the litigation which renders further discussion of the matter academic. The settlement money has been disbursed. The lawsuit is over. RLC's only remedy at this point is a new action.

In *Abdala* v. *Aziz, supra,* 3 Cal.App.4th 369, a similar situation developed. There an injured employee settled with a third party who was unaware of the industrial aspect of the injury and thus did not know the settlement might include the employer's right of reimbursement. The employer had not received formal notice of the action but knew about the lawsuit and, prior to satisfaction of judgment, filed a complaint in intervention and an application for a lien against the settlement. The trial court eventually sustained a demurrer to the complaint in intervention and struck the application for lien. Before these orders had become final, the defendant paid the settlement amount and a satisfaction of judgment was filed. The trial court entered a judgment dismissing the complaint in intervention and the employer appealed.

*Abdala* acknowledged the lien had been filed timely before payment of the settlement. However, because the proceeds already had been paid to the

employee, reversal to allow the employer to assert the lien was not a viable remedy.

Again in *Popovich* the employer faced a fully satisfied judgment in favor of the employee. The court noted the satisfaction of the judgment left no choses in action or property before the court onto which the employer's lien could attach. Further, the court lacked jurisdiction to reopen the judgment absent a request by a party. (*Popovich* v. *U.S., supra,* 661 F.Supp. at p. 951.)

In *Carden,* on the other hand, the judgment had been entered but had not been satisfied. ■ Unlike Code of Civil Procedure section 473 which limits relief to parties or their legal representatives, an appeal from a judgment may be taken by "[a]ny party aggrieved . . . ." (Code Civ. Proc., § 902.) A person not a party to the action as originally commenced or tried may become a party to the record, subsequent to the judgment, by moving to vacate and thereby gain a right of appeal from the order denying the motion. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 113, p. 130, § 136, p. 146; *Morton Regent Enterprises, Inc.* v. *Leadtec California, Inc.* (1977) 74 Cal.App.3d 842, 847 [141 Cal.Rptr. 706]; *Ryerson* v. *Riverside Cement Co.* (1968) 266 Cal.App.2d 789, 795 [72 Cal.Rptr. 595].)

■ Thus, once a case is voluntarily dismissed after settlement or a judgment has been satisfied, the option of returning to the status quo ante at the behest of a nonparty employer or employee is no longer available.

RLC is therefore left to whatever remedies it might assert against O'Dell either by suit for breach of the duty to notify or as a credit against future compensation benefits it may have to pay O'Dell. (*Board of Administration* v. *Glover, supra,* 34 Cal.3d at p. 918; *Popovich* v. *U.S., supra,* 661 F.Supp. at p. 951; *Abdala* v. *Aziz, supra,* 3 Cal.App.4th at pp. 380, 381, fn. 13; § 3861.)

4. *Freightliner had no duty to notify RLC of the pending settlement.*

■ RLC contends Freightliner, with knowledge of RLC's payment of workers' compensation benefits and aware of its lien rights, sought to "settle around" RLC. It argues Freightliner, by analogy to the notice required where a third party tortfeasor asserts a *Witt* defense, had a duty to notify it of the impending settlement because it endangered RLC's right to reimbursement. (*Brandon* v. *Santa Rita Technology, Inc., supra,* 25 Cal.App.3d at p. 846.) RLC urges the breach of this duty necessitates the setting aside of the dismissal.

Even accepting as true RLC's assessment of Freightliner's intent, we find Freightliner had no duty to notify RLC. Although the Supreme Court

suggested in *Glover* such a duty may arise in this situation, we decline to impose that obligation on a third party tortfeasor.

*Glover* held an employee who settles with a third party tortfeasor without filing suit nonetheless had a duty to notify the employer of the settlement. *Glover* reasoned the employee stands to obtain a double recovery and may be the only party who is aware of the employer's claim. (*Board of Administration* v. *Glover, supra*, 34 Cal.3d at p. 916.) *Glover* refused to impose a similar duty on an *unknowing* tortfeasor but noted, in dicta, where "the third party tortfeasor prior to settlement is or reasonably should be aware of the possibility of the employer's claim, such tortfeasor may also incur liability to the employer under the statutory scheme because of his [or her] failure to notify the employer of the settlement and to obtain its consent thereto." (*Id.*, at p. 919.)

RLC argues this case presents the issue avoided in *Glover* and urges we adopt the rule suggested there. (See also, *Ventura County Employees' Retirement Association* v. *Pope, supra*, 87 Cal.App.3d at p. 957 [which indicated, again in dicta, third party tortfeasors who proceeded with a settlement and release without giving notice of the prospective settlement to the employer entered into the settlement at their peril].)

We decline to do so.

*Popovich* v. *U.S., supra*, 661 F.Supp. at page 949, rejected a similar argument and stated: "If the legislature intended to impose a duty of notification on the third party, it could have done so in clear language. Such language is totally absent from the statute. We deal with a situation in which the employer is not a party to the case in which the judgment has been rendered. The judgment exists in the name of the employee alone. The employer, who could have brought [its] own case or joined in the employee's case as a party, has chosen to do neither. The third party has never had any direct relationship with the employer. No discernable public policy supports imposing on the third party in such a case a duty to notify the employer of the judgment and a duty to refrain from satisfying it until the employer has chosen to do something affirmative about [the] lien."

We disagree with the *Popovich* reasoning in one respect. Imposition of a duty on the third party tortfeasor to notify an employer of an impending settlement where the third party knows the employer's right to reimbursement is in jeopardy would serve the public policy of allowing the employer to recoup benefits it has paid where the expense of those benefits properly should fall on the third party. (*County of San Diego* v. *Sanfax Corp., supra*, 19 Cal.3d at p. 872.)

However, we conclude it is for the Legislature, not this court, to impose such a duty on a third party tortfeasor. A contrary rule would run counter to the general rule a defendant has no duty to do anything more than meet the allegations of its opponent. That is, although a plaintiff or an intervener has a duty to prosecute its claim with "alacrity and vigor" (*State Compensation Ins. Fund* v. *Selma Trailer & Manufacturing Co., supra,* 210 Cal.App.3d at p. 754), a defendant need do no more than meet the plaintiff step by step (*ibid.*; *General Ins. Co.* v. *Superior Court* (1966) 245 Cal.App.2d 366, 368 [53 Cal.Rptr. 777]).

The *Brandon* notice requirement admittedly is an exception to this general rule. There, however, the third party's intent to litigate the employer's negligence gives rise to the duty to notify. In the present situation, the third party has sought only to defend the action brought against it.

In light of the numerous statutory protections already enjoyed by the employer and the absence of any pressing basis upon which to expand the situations in which a defendant must give notice to a possible opponent, we find Freightliner had no duty to notify RLC of the impending settlement.

5. *Freightliner's defense of the O'Dell lawsuit did not rely on RLC's contributory negligence.*

RLC's further contention Freightliner concealed its intent to assert RLC's concurrent negligence is unavailing. RLC concedes Freightliner's answer did not plead RLC's negligence. Because Freightliner did not raise the issue of RLC's negligence, it had no duty to notify RLC it sought to defend the lawsuit on that basis.

Accordingly, this claim fails.

## CONCLUSION

O'Dell failed to give effective statutory notice of the action against Freightliner. Nonetheless, the order denying RLC's motion is affirmed because RLC lacked standing to set aside the voluntary dismissal pursuant to Code of Civil Procedure section 473. Freightliner, a third party tortfeasor, had no duty to notify RLC of its impending settlement with O'Dell. Any remedy RLC may have at this time lies in an action against O'Dell or in the form of a credit against future workers' compensation payments to him.

## Disposition

The order is affirmed. Each side to bear respective costs on appeal.

Croskey, J., and Hinz, J., concurred.