**Mark SALSGIVER, Plaintiff–Appellant,**

v.

**AMERICA ONLINE, INC. Defendant–Appellee.**

No. 00–57035.
D.C. No. CV 00–00608–DOC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2002.*

Decided March 22, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before ARCHER,** O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Mark Salsgiver ("Salsgiver") appeals the dismissal under Fed.R.Civ.P. 12(b)(6) of his California state law claims against America Online, Inc. ("AOL"). Salsgiver argues that despite his express letter agreement with AOL that his employment was "at-will," he alleged facts sufficient to state claims for breach of contract (express or implied), breach of the implied covenant of good faith and fair dealing, fraud, promissory estoppel and breach of fiduciary duty, all stemming from AOL's termination of his employment before certain of his employee incentive stock options vested. This court has jurisdiction under 28 U.S.C. §§ 1332 and 1291, and we affirm.

## I.

■ Salsgiver first argues that the district court erred in dismissing his contract claims. He argues that the "at-will" provision in his letter employment agreement with AOL was not fully integrated, and that therefore the district court should have considered whether he alleged a contemporaneous agreement that he would be terminated only for cause.

California's parol evidence rule bars the admission of evidence of a prior or contemporaneous oral agreement to contradict or supplant the terms of a writing that is intended by the parties as final, complete and exclusive expression of the terms of their agreement. Cal.Code Civ. Proc. § 1856(a)-(b), (d). If the proposed parol evidence directly contradicts an express provision of the written agreement, "it cannot reasonably be presumed that the parties intended to integrate two directly contradictory terms in the same agreement." *Haggard v. Kimberly Quality Care, Inc.*, 39 Cal.App.4th 508, 518, 46 Cal.Rptr.2d 16 (1995) (citing *Gerdlund v. Electronic Dispensers Int'l*, 190 Cal. App.3d 263, 271–72, 235 Cal.Rptr. 279 (1987)).

---

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Salsgiver's letter agreement with AOL is explicit and complete concerning Salsgiver's status as an employee: "Your employment at America Online is at will and you or the Company are free to terminate this employment relationship at any time, with or without cause." This provision directly contradicts any alleged agreement that Salsgiver would be terminated only for cause. *See Haggard,* 39 Cal.App.4th at 518, 46 Cal.Rptr.2d 16. Further, the parties would not naturally have made a separate collateral agreement regarding reasons for termination, as the precise subject matter is already covered in the letter agreement. *See Gerdlund,* 190 Cal.App.3d at 271–72, 235 Cal.Rptr. 279. Therefore, the district court did not err in holding that the letter agreement is integrated as to its "at-will" termination provision, or in excluding any allegations of a contrary contemporaneous agreement.

Alternatively, Salsgiver argues that the district court erred in dismissing his contract claims because he alleged an express or implied modification of the "at-will" provision of the letter agreement. Plainly, Salsgiver has not alleged any express modification. None of the statements he relies upon makes any explicit mention of the conditions under which Salsgiver's employment could be terminated. *See* Black's Law Dictionary (7th ed.1999) (defining "express" as "[c]learly and unmistakably communicated; directly stated").

■ Nor has he succeeded in pleading an implied modification. As the California Supreme Court recently observed, "[M]ost cases applying California law … have held that an at-will provision in an express written agreement, signed by the employee, cannot be overcome by proof of an implied contrary understanding." *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 340 n. 10, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). Salsgiver's signed letter agreement with

AOL was clear that Salsgiver's employment was at-will. In addition, the AOL stock option plan and plan agreement explicitly provided that the plan created no limit on AOL's right to terminate a plan participant as an employee, and neither the plan, the options, nor any other agreement obligated AOL to continue a participant as an employee for any period of time. Salsgiver expressly acknowledged these unambiguous provisions in 1996, 1997, and 1998, and could not have reasonably relied on an alleged implied contract to the contrary based on the existence of the plan itself, employees' statements concerning the plan, or unspecified "representations of secure employment." *See Camp v. Jeffer, Mangels, Butler & Marmaro,* 35 Cal.App.4th 620, 629–30, 41 Cal.Rptr.2d 329 (1995); *Shapiro v. Wells Fargo Realty Advisors,* 152 Cal.App.3d 467, 482, 199 Cal. Rptr. 613 (1984) (disapproved of on other grounds by *Foley v. Interactive Corp.,* 47 Cal.3d 654, 669, 254 Cal.Rptr. 211, 765 P.2d 373 (1988)). Finally, Salsgiver's allegations of performance bonuses and positive evaluations do not contain an implication that he would only be terminated for cause; instead, they are equally consistent, for example, with termination based on a change in business strategy.

## II.

■ Salsgiver argues that the district court erred under the *Guz* decision by dismissing his claim for breach of the implied covenant of good faith and fair dealing. In *Guz,* the California Supreme Court held that if an employer's termination decisions, "however arbitrary," do not breach an express or implied-in-fact employment contract provision, there can be no breach of the implied covenant of good faith and fair dealing for an at-will employee. *Guz,* 24 Cal.4th at 350, 100 Cal.Rptr.2d 352, 8 P.3d 1089. As Salsgiv-

er has not succeeded in alleging contractual claims of anything other than an at-will agreement with AOL, he may not assert a breach of the implied covenant of good faith and fair dealing based on his termination without cause.

### III.

■ Salsgiver contends that he properly stated fraud and promissory estoppel claims because he alleged conduct by AOL after the execution of his letter agreement by which AOL represented that he would not be terminated for cause until all of his stock options had vested. Both fraud and promissory estoppel are premised upon an unkept promise: a party's representation or concealment of material facts. *See Hill v. Aetna,* 130 Cal.App.3d 188, 195, 181 Cal.Rptr. 564 (1982) (promissory estoppel) (noting that a party may be estopped by conduct as well as its prior statements); *Lazar v. Superior Court,* 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996) (fraud); *see also* Cal. Civ.Code § 1709.

The statements and actions by AOL employees that Salsgiver relies on do not represent that he would not be terminated without good cause, but only that as long as he remained an AOL employee he would continue to receive the employment benefit of stock options vesting under the company's stock option plan. According to Salsgiver's own allegations, AOL did provide this benefit to him. Options vested in him over the set schedule provided under the plan while he was employed by AOL, and Salsgiver was compensated further when he exercised certain of these options. Salsgiver's allegations that he subjectively believed that he would not be terminated without cause are insufficient to state a claim without an allegation of any representation or concealment by AOL of "for cause" employment. *See Hill,* 130 Cal.

App.3d at 195, 181 Cal.Rptr. 564; *Lazar,* 12 Cal.4th at 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (stating elements). Therefore, the district court did not err in dismissing Salsgiver's claims of fraud and promissory estoppel.

### IV.

■ Salsgiver finally argues that AOL, as a majority shareholder, breached a fiduciary duty to him, as a minority shareholder, by terminating his employment to avoid vesting him with any additional stock options under the employee stock option benefit plan. Salsgiver fails to state a claim because he does not allege that AOL's termination caused any damage to him *qua* shareholder rather than *qua* employee. *See O'Dell v. Freightliner Corp.,* 10 Cal. App.4th 645, 659, 12 Cal.Rptr.2d 774 (1992) (reiterating that there is generally no fiduciary relationship between employee and employer).

AFFIRMED.