[No. G014718. Fourth Dist., Div. Three. Dec. 13, 1993.]

AETNA CASUALTY AND SURETY COMPANY, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; JOAN MARSELLE et al., Real Parties in Interest.

1504

**COUNSEL**

John E. Lautemann and David E. Lisiewski for Petitioner.

No appearance for Respondent.

Hollins, Schechter & Feinstein, Andrew S. Hollins, Kenneth E. Gertz, Mendes & Mount and Mark S. Facer for Real Parties in Interest.

**OPINION**

MOORE (E. C.), J.*—Joan Marselle was injured on May 26, 1987, when she slipped and fell while walking from her place of employment to her car, which was parked in an adjacent parking lot. She brought an action for personal injuries against Richard H. Meyers, Sr., and Marilyn Meyers[1], who had an ownership interest in the parking lot. Aetna Casualty and Surety Company, the workers' compensation insurer of Marselle's employer, paid medical and disability benefits to Marselle and on October 26, 1989, filed a notice of lien in Marselle's lawsuit against third parties. To date the amount claimed totals $84,812.67. On June 14, 1990, Marselle amended her complaint against third parties to add Kmart Corporation as Doe 4. In its answer, Kmart alleged negligence against Marselle's employer and co-employees. On April 17, 1991, Kmart served a copy of its answer on Aetna.

At all times Aetna was given notice of court conferences and hearings as well as the date for trial. Aetna did not participate in or make any court appearances.

No settlement was reached at the mandatory settlement conference of December 18, 1991. However, as of January 3, 1992, the Friday before the

---

*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]Along with other defendants who were added as Does, they are called "third parties" in this opinion.

trial date of January 6, 1992, serious settlement discussions were taking place. At that point, Marselle's attorney telephoned Aetna's attorney and informed him of the settlement discussions, and then telefaxed a letter to him confirming the conversation: "I advised you that the settlement would probably be placed on the record Monday, January 6, 1992 as we have a trial date in Department '21' of the Orange County Superior Court. I further suggested to you that if you intended to protect your lien that you would need to intervene and perfect your lien immediately. . . . Please be advised that this case will be dismissed and you will be prevented from perfecting your lien unless you have intervened by mid-morning January 6, 1992."

On Monday morning, at the time trial was to begin, a settlement conference was held. Aetna made no appearance. Third parties offered $80,000 on the condition that a dismissal was filed by noon that day. The trial judge made inquiry regarding notice to Aetna and was satisfied it had received notice of pertinent dates. The judge remarked, "I don't think they have made any record to protect their position." Marselle settled her claim against the third parties, and the dismissal of the "Complaint only" was filed on January 6.

Weeks after the complaint was dismissed, Aetna filed a motion for allowance of the workers' compensation lien against the proceeds of the settlement. That motion was granted. Marselle then filed a motion for reconsideration. The trial judge took that motion under submission and on May 26, 1992, ruled: "The Court hereby vacates the voluntary dismissal filed 1-6-92. The Court, on its own motion, hereby sets aside the settlement entered into between plaintiff and all defendants." Third parties then brought a motion for reconsideration and Aetna joined in that motion. The court granted third parties' motion and reinstated the dismissal plaintiff had filed on January 6, 1992. Aetna then filed another motion to impress its lien on settlement proceeds. That motion was heard and denied on July 23, 1993. Aetna filed a petition for writ of mandate/prohibition; we issued an alternative writ and heard oral argument.

### DISCUSSION

When an employer claims reimbursement rights because it has paid benefits to an injured worker, it may proceed against a third party tortfeasor by bringing a direct action, by intervening in an action brought by the employee or by filing a lien in an action brought by the employee. (Lab.

Code, §§ 3852, 3853, 3856, subd. (b), 3857.)[2] As we will explain, under some circumstances, such as the introduction of employer negligence into an action, the mere filing of a lien is insufficient to protect an employer's claim of reimbursement. When that occurs the employer must file a complaint in intervention.

Before 1971, the Labor Code required written consent of an employer before an employee could release and settle a case against a third party. However, sections 3859 and 3860 were amended to allow such settlements subject to the employer's right to proceed to recover the benefits paid. "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he [or she] may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation he [or she] has paid in accordance with Section 3852." (§ 3859, subd. (b).)

"To summarize: under section 3859 and 3860, as amended, an employee may settle his [or her] claim against a third party tortfeasor without the consent of the employer; such a settlement is not subject to any lien based upon the employer's claim for reimbursement of compensation payments under such pleadings as here present; rather the employer must assert such claim by way of an action against the third party." (*Van Nuis* v. *Los Angeles Soap Co.* (1973) 36 Cal.App.3d 222, 231-232 [111 Cal.Rptr. 398].)

■ When the employee does settle with the third party, it is not necessary that the terms of the settlement specify there was no intention to include the workers' compensation benefits. *Van Nuis* did not discuss whether the settlement was intended to include the amount of the lien, but the court found the amount ($20,000) was an indication there was no intention the settlement include the amount of the employer's claim for reimbursement ($19,241.09).[3]

However, if a settlement is intended to include the employer's reimbursable benefits, there may be a right for the employer to impress its lien on the settlement proceeds: "We conclude that in amending section 3859 and section 3860 the Legislature intended to create only a limited exception to the existing law so as to permit an employee, without the consent of the employer, to segregate his [or her] own claim from that of the employer and to settle such claim for a sum exclusive of the amount of workmen's compensation benefits paid by the employer. Only if a settlement by the

---

[2]All statutory references will be to the Labor Code unless otherwise specified.

[3]The amount of the settlement in this case is even less than Aetna's claimed lien.

employee meets this requirement is the settlement free from the employer's claim for reimbursement." (*Marrujo* v. *Hunt* (1977) 71 Cal.App.3d 972, 978 [138 Cal.Rptr. 220].) In *Marrujo* the settlement between the employee and the third party did include the employer's reimbursable benefits; therefore, in order to prevent a double recovery, the employer was allowed to impress a lien on the settlement proceeds.

■ Under certain circumstances, even when the settlement agreement specifically includes the amount for the employer's benefits, the employer may still be precluded from impressing its lien. (*Ellis* v. *Wells Manufacturing* (1989) 216 Cal.App.3d 312 [264 Cal.Rptr. 648].) If a *Witt* v. *Jackson*[4] defense is involved, a settlement does not operate to bar the employee from an opportunity to litigate the employer's negligence. Such a situation would enable the carrier to recover the full amount of benefits paid regardless of the employer's negligence. The employer may be left to prosecute its complaint in intervention, and if the employer is determined not to be negligent, it can recoup the benefits paid.

The introduction of a *Witt* v. *Jackson* defense changes the complexion of the case. Until that time an employee's interests do not clash with the employer's interests in a third party action; each wants to be compensated for separate items of damage. However, once such a defense is claimed, a conflict of interest between plaintiff and the employer arises. (*Brandon* v. *Santa Rita Technology, Inc.* (1972) 25 Cal.App.3d 838 [102 Cal.Rptr. 225].) Because of its alleged negligence, the amount due the employer becomes a subject of considerable dispute and the employer cannot expect the employee to argue on its behalf during any negotiations or at trial.

■ Thus, it becomes imperative that the employer be given notice of such a defense. "[I]f the issue of an employer's negligence is to be raised as a defense to any claim by a plaintiff-employee for injuries sustained as a result of alleged negligence on the part of third party tortfeasors, then such defense must be asserted in a pleading filed and served upon the employer (or lien claimant representing him [or her]) in a timely manner so as to afford him [or her] a reasonable opportunity to be heard. Anything less constitutes a denial of due process in that it would deprive the employer of a substantial right to protect his [or her] interest in defending against a charge of negligence and thus effectively prevent him [or her] (or his [or

---

[4] In *Witt* v. *Jackson* (1961) 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641], the California Supreme Court held that an employer could not recover workers' compensation benefits paid if the employer's negligence contributed to the employee's injury. The Supreme Court reconciled this rule with comparative negligence in *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829 [150 Cal.Rptr. 888, 587 P.2d 684].

her] lien claimant) from successfully asserting his [or her] claim for reimbursement as to those monies already expended on behalf of plaintiff-employee." (*Brandon* v. *Santa Rita Technology, Inc.*, *supra*, at p. 846, fn. omitted.) "In such a case, the employer must file a complaint in intervention in order to protect its rights." (*O'Dell* v. *Freightliner Corp.* (1992) 10 Cal.App.4th 645, 654 [12 Cal.Rptr.2d 774].)

■ In this action, Aetna was served with notice of the *Witt* v. *Jackson* claim on April 17, 1991. It was also served with notice of all pertinent events in the litigation. For nine months after being on notice of the defense, Aetna made no effort to either intervene or resolve this matter. In addition, even though there was no duty to do so, Marselle's attorney informed Aetna that a settlement was imminent and advised Aetna to file a complaint in intervention. Aetna still did nothing.

Thus, on January 6, 1992, on the date and at the time the trial was to begin, the trial judge conducted a settlement conference and successfully resolved the matter. As one of third parties' conditions for settlement was an immediate dismissal, any other course would have required an overburdened court to push this matter into an unnecessary trial.[5] Since section 3853 allows an employer to intervene at any time before trial, it was certainly reasonable for all to conclude that Aetna did not intend to do so. Aetna received all but an engraved invitation to come to court and protect its rights and still refused to intervene or even attend settlement negotiations. Aetna is not entitled to relief from this court. The alternative writ is discharged and the petition for writ is denied.

Sonenshine, Acting P. J., and Crosby, J., concurred.

Petitioner's application for review by the Supreme Court was denied March 24, 1994.

---

[5]Aetna was on notice that its lien was not being protected by Marselle's attorney; therefore, it is not necessary in this opinion to address the consequences to a lienholder who refuses to come to court to attempt a good faith settlement when there is no claim of employer negligence, now that trial courts are under the mandate of Government Code section 68600 et seq.